**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180406-U

Order filed January 6, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0406 Circuit No. 17-CM-1333 |
| CONSTANCE RENEE MAURAIS, | ) ) ) | Honorable Gregory G. Chickris, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justice Lytton and Justice O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The evidence was insufficient to prove defendant's guilt of theft of labor or services or use of property.

¶ 2     Following a stipulated bench trial, defendant, Constance Renee Maurais, was convicted of theft of labor or services or use of property. On appeal, defendant argues the State's evidence was insufficient to prove her guilt beyond a reasonable doubt. We reverse.

¶ 3                                    I. BACKGROUND

¶ 4         The State charged defendant with the misdemeanor offense of theft of labor or services or use of property (720 ILCS 5/16-3(a) (West 2016)). The cause proceeded to a stipulated bench trial.

¶ 5         A police report established that, on October 6, 2017, Deputy David Grafton learned that MetroLINK employees had received several fraudulent monthly bus passes from passengers. The fraudulent passes displayed an improper color scheme, were printed on computer paper, included no watermark, and were laminated. Each monthly pass costs $30.

¶ 6         While at the Rock Island Township office, Grafton observed Tayla Martin request a MetroLINK cover for her monthly pass. Martin presented a fraudulent monthly pass that she received from defendant.

¶ 7         Grafton spoke with defendant on October 10, 2017, and advised her of the fraudulent bus pass claims. Defendant denied having any knowledge of the fraudulent bus passes. She indicated that her wallet had been stolen several weeks before and suggested that another person used her MetroLINK bus pass to create the fraudulent bus passes. She stated she had not used the MetroLINK service for a long time.

¶ 8         On October 11, 2017, Martin identified defendant from a photographic lineup as the person who sold her the fraudulent bus pass. Martin told the police that she knew defendant through her child's daycare. Defendant first contacted her in January about the sale of a few leftover bus passes. Martin bought a bus pass from defendant at the beginning of 2017, and again in September and October of 2017.

¶ 9         To purchase the bus passes, Martin met defendant in an alley behind defendant's residence and gave defendant $15. Once, in September, defendant approached Martin on a

MetroLINK bus to inform her that the October bus passes would be available at the end of the month.

¶ 10       Alan Carmen, a supervisor at Rock Island Township, indicated the township recorded who purchased monthly passes. Defendant purchased a monthly pass for October 2017 on September 26, 2017.

¶ 11       The parties stipulated that all witnesses mentioned in the police report would testify to the evidence gathered during the investigation. In the State's closing argument, it asserted that the evidence showed that the fraudulent bus passes were used. Defendant objected to the conclusion, arguing the State failed to provide any evidence regarding defendant's knowing use of the fraudulent bus passes. The court found defendant guilty and sentenced her to 12 months of conditional discharge.

¶ 12                                    II. ANALYSIS

¶ 13       On appeal, defendant argues the evidence was insufficient to prove her guilt beyond a reasonable doubt of theft of labor or services or use of property. The State maintains the evidence was sufficient to establish defendant personally used a fraudulent bus pass based on Martin's statement describing defendant's presence on a MetroLINK bus when the women shared a conversation about the availability of additional bus passes.

¶ 14       For purposes of challenging the sufficiency of the evidence, a reviewing court must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Baskerville*, 2012 IL 111056, ¶ 31. "[T]he reviewing court must allow all reasonable inferences from the record in favor of the prosecution." *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). However, "if only one conclusion may reasonably be drawn from the record, a reviewing court must draw it even if it favors the defendant." *Id*. at 280.

"A conviction will be reversed where the evidence is so unreasonable, improbable, or unsatisfactory that there remains a reasonable doubt of the defendant's guilt." *People v. Petty*, 2020 IL App (3d) 180011, ¶ 18.

¶ 15    Defendant was charged with theft of labor or services or use of property, in violations of section 16-3 of the Criminal Code (Code). 720 ILCS 5/16-3(a) (West 2016). Section 16-3(a) provides: "A person commits theft when he or she knowingly obtains the temporary use of property, labor or services of another which are available only for hire, by means of threat or deception or knowing that such use is without the consent of the person providing the property, labor or services." *Id.*

¶ 16    The parties stipulated that defendant produced and then sold fraudulent bus passes. The stipulation did not address whether or not defendant personally used one of the fraudulent passes she had produced.

¶ 17    The State argues that Martin's statement provides circumstantial evidence proving that defendant used a fraudulent bus pass because both defendant and Martin were riding on a MetroLINK bus in September when defendant spoke to Martin about the availability of additional bus passes. Martin's statement demonstrated that defendant was riding a MetroLINK bus in September, but it did not establish whether or not defendant gained access to the bus service that day by personally using one of the fraudulent bus passes. Since the evidence fails to establish the use element, we conclude the State did not prove defendant's guilt beyond a reasonable doubt.

¶ 18    III. CONCLUSION

¶ 19    The judgment of the circuit court of Rock Island County is reversed.

¶ 20    Reversed.